UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED TALMUDICAL ACADEMY    Civil Case No.
OF KIRYAS JOEL, INC.,

                    Plaintiff,

        -against-      **COMPLAINT AND JURY DEMAND**

EMEX, LLC and AP GAS & ELECTRIC     **15 CV 1666**
(NY), LLC,

                    Defendants.
-----------------------------------------------------------X

FILED
U.S. DISTRICT COURT
2015 MAR -6 PM 2:17
S.D. OF N.Y.W.P.

JUDGE KARAS

Plaintiff, UNITED TALMUDIC ACADEMY OF KIRYAS JOEL, INC., by and through its attorneys, CONDON & ASSOCIATES, PLLC, as and for its Complaint against the Defendants, EMEX, LLC and AP GAS & ELECTRIC (NY), LLC, alleges as follows:

## NATURE OF ACTION

1. This case arises out of the Defendants' actions in overcharging the Plaintiff for its energy supply in breach of the parties' written contract. In breach of their contract, the Defendants charged in excess of thousands of dollars more than the rate that it contracted for. As a result, the Defendants now allege that the Plaintiff owes this money and that they are going to turn off the Plaintiff's electricity, which would be devastating to the Plaintiff's business.

## THE PARTIES

2. Plaintiff, UNITED TALMUDIC ACADEMY OF KIRYAS JOEL, INC. ("Plaintiff" or "UTA"), at all times relevant hereto, was and is a religious corporation formed and existing under the laws of the State of New York with its principal place of business located at 13 Rimenev Court, Monroe, New York 10950.

3. Upon information and belief, Defendant EMEX, LLC ("EMEX"), at all times relevant hereto, was and is a foreign limited liability company with its principal place of business located in Houston, Texas.

4. Upon information and belief, Defendant AP GAS & ELECTRIC (NY), LLC ("APG&E"), at all times relevant hereto, was and is a foreign limited liability company with its principal place of business located in Houston, Texas.

## JURISDICTION

5. Jurisdiction over this action is proper pursuant to 28 U.S.C. §1332 and 1367(a). The amount in controversy exceeds $75,000.00.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 as the Plaintiff resides in this district and a substantial part of the events that give rise to the claims occurred in this district.

## FACTUAL BACKGROUND

7. In or around November, 2013, the Plaintiff authorized EMEX to exclusively receive energy supply pricing and account information from all suppliers on its behalf.

8. In or around late November, 2013, the Plaintiff entered into a 30 month fixed rate contract with APG&E for the supply of its electricity (the "Contract"). The fixed price was 0.05970/kWh. Prior to signing the Contract, EMEX represented to the Plaintiff that everything was included in the fixed price and that there would be no additional charges.

9. When the Plaintiff received its first bill, contrary to what was agreed upon, and what was represented by EMEX, the Plaintiff was charged 0.6003/kWh.

10. In fact, the Plaintiff was charged 0.6003/kWz through June, 2014. In or around July, 2014, APG&E began charging the Plaintiff 0.067290. This is a significant difference from the fixed price set forth in the Contract.

11. Moses Friedman, the Purchasing Manager, contacted EMEX and APG&E, and was advised that a new capacity zone had been created called the Lower Hudson Valley Capacity Zone and that the costs of this new zone were being passed through to the Plaintiff by an increase in their rate.

12. Upon information and belief, the Lower Hudson Valley Capacity Zone was created prior to the execution of the Contract.

13. Upon information and belief, any cost issues relating to the Lower Hudson Valley Capacity Zone were known to the Defendants prior to the execution of the Contract.

14. Therefore, the Plaintiff should not have been charged a rate higher than that which was agreed upon per the Contract.

15. The cost to the Plaintiff of this increased rate over the term of the Contract will exceed $100,000.00.

16. As set forth below, the increase in the Plaintiff's rate is a breach of the Contract. The terms of the Contract should be enforced such that the Plaintiff should only be charged the fixed rate set forth therein.

## COUNT I
### AGAINST DEFENDANT AP GAS & ELECTRIC (NY), LLC
**(Breach of Contract)**

17. The Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs "1" through "16" as if fully set forth herein.

18. In or around November, 2013, the Plaintiff entered into a written contract with APE&G for the supply of energy.

19. Per the terms of the Contract, the Plaintiff's fixed rate was 0.05970/kWh.

20. In breach of the Contract, the Defendants charged the Plaintiff 0.067290/kWh.

21. As a result of the Defendant's breach, the Plaintiff has been damaged in an amount

3

to be determined at trial, but in no event less than $100,000.00, plus reasonable attorneys' fees, costs and disbursements.

## COUNT II
## AGAINST DEFENDANT EMEX, LLC
### (Fraud)

22. The Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs "1" through "21" as if fully set forth herein.

23. The Plaintiff designated EMEX as its agent to obtain energy supply information from suppliers on its behalf.

24. With respect to APE&G, EMEX represented to the Plaintiff that the fixed rate in the Contract was all inclusive and that there would be no additional charges.

25. Upon information and belief, when EMEX made this representation, it knew that it was false.

26. Upon information and belief, this representation was made to the Plaintiff with the intention to deceive the Plaintiff.

27. The Plaintiff has been damaged by the misrepresentation made by EMEX.

28. Based upon the foregoing, the Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $100,000.00, plus reasonable attorneys' fees, costs and disbursements.

## COUNT III
## AGAINST ALL DEFENDANTS
**(Deceptive Acts and Practices in Violation of NY General Business Law §349)**

29. The Plaintiffs repeat, reiterate and reallege each and every allegation contained within paragraphs "1" through "28" as if fully set forth herein.

30. Upon information and belief, EMEX knowingly misrepresented to the Plaintiff that the fixed rate set forth in the Contract was not all inclusive and that there would be additional charges.

31. Upon information and belief, APE&G entered into the Contract with a fixed rate knowing that the Lower Hudson Valley Capacity Zone had already been created and that it would attempt to pass through additional costs to the Plaintiff in addition to the fixed rate.

32. The Defendants' conduct was deceptive and misleading.

33. The Defendants' conduct is a threat to the public at large.

34. The Defendants' acts and practices in the conduct of its business are deceptive; and by virtue of such acts and practices the Plaintiff has been injured in violation of New York General Business Law §349.

35. Unless immediately enjoined, the deceptive acts and practices in the conduct of its business will continue to cause irreparable injury to the Plaintiff and could potentially cause harm to the public at large.

36. As a result of the foregoing, the Plaintiff has been damaged in an amount to be determined at trial, but in no event less than $100,000.00, together with reasonable attorney's fees.

37. To discourage the foregoing conduct from happening in the future, the Plaintiff hereby demands an award of punitive damages in an amount to be determined at trial, together with reasonable attorney's fees.

# COUNT IV
## AGAINST DEFENDANT AP GAS & ELECTRIC (NY), LLC
### (Declaratory Judgment)

38. The Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs "1" through "37" as if fully set forth herein.

39. The Contract states that the Plaintiff would be charged a fixed rate of 0.05970/kWh.

40. Based upon the foregoing, the Plaintiff is entitled to a judgment declaring that the rate that it should be charged is that which is set forth in the Contract, which is 0.05970/kWh.

(intentionally left blank)

WHEREFORE, the Plaintiff, UNITED TALMUDIC ACADEMY OF KIRYAS JOEL, INC.., demands judgment as follows:

A. On the First Cause of Action, judgment in an amount to be determined at trial, but in no event less than $100,000.00;

B. On the Second Cause of Action, judgment in an amount to be determined at trial, but in no event less than $100,000.00.;

C. On the Third Cause of Action, judgment in an amount to be determined at trial, but in no event less than $100,000.00

D. On the Third Cause of Action, punitive damages in an amount to be determined at trial;

E. On the Fourth Cause of Action, a judgment declaring that the rate the Plaintiff should be charged is that which is set forth in the Contract, which is 0.05970/kWh;

F. Reasonable attorneys' fees;

G. Costs and disbursements; and

H. Such other and further relief as the Court deems just and proper.

Dated: Nanuet, New York
March 7, 2015

Yours, etc.

CONDON & ASSOCIATES, PLLC

By: ___s/ Laura M. Catina_____
Brian K. Condon (BKC 4683)
Laura M. Catina (LC 2998)
*Attorneys for Plaintiff*
105 Lewis Drive
Upper Nyack, New York 10965
(845) 548-1880
brian@condonlawoffices.com