UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED TALMUDICAL ACADEMY           Civil Action No.: 15-CV-1666
OF KIRYAS JOEL, INC.,

               Plaintiff,       **AP GAS & ELECTRIC (NY), LLC'S**

                                                   **AMENDED**
-against-                                          **ANSWER TO COMPLAINT AND**
                                                   **COUNTER-CLAIM**
EMEX, LLC AND AP GAS & ELECTRIC
(NY), LLC,                                         **Document Filed Electronically**

               Defendants.
------------------------------------------------------X

Defendant AP Gas & Electric (NY), LLC ("Defendant" or "AP G&E"), by and through its attorneys, Bevan, Mosca & Giuditta, P.C., as and for its Amended Answer ("Answer") to the complaint ("Complaint") filed by the plaintiff United Talmudical Academy of Kiryas Joel, Inc. ("Plaintiff" or "UTA") on March 6, 2015 in the above-captioned case, states as follows:

## NATURE OF ACTION

1. Defendant denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Defendant asserts that Plaintiff owes money to Defendant under the contract (the "Contract") between the parties to this action.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

## PARTIES

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

## JURSIDICTION

5. Paragraph 5 of the Complaint asserts conclusions of law, as to which no response is required. To the extent that the allegations of Paragraph 5 require a response, Defendant admits that the amount in controversy exceeds $75,000.00.

6. Paragraph 6 of the Complaint asserts conclusions of law, as to which no response is required. To the extent that the allegations of Paragraph 6 require a response, Defendant denies knowledge or information to form a belief as to the allegation that Plaintiff resides in the district.

## FACTUAL BACKGROUND

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. Defendant denies the allegation in Paragraph 8 asserting that the Contract was a 30-month fixed rate contract for the supply of electricity. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8.

9. Defendant denies the allegation in Paragraph 9 that the charges set forth in the Plaintiff's first bill were contrary to the terms of the Contract; defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9.

10. Defendant denies the allegation in Paragraph 10 that the charges set forth in the Plaintiff's bills through June 2014, and the new charges set forth in Plaintiff's charges beginning in July 2014, were different from the rates required under the terms of the Contract; defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegation in Paragraph 14 that Plaintiff was charged a rate higher than that agreed upon in the Contract; as to the remaining allegations of Paragraph 14, they assert conclusions of law as to which no response is required.

15. Defendant denies the allegation in Paragraph 15 that the rate was increased to a rate higher than that agreed upon in the Contract. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15.

16. Defendant denies the allegation in Paragraph 16 that a fixed rate is set forth in the Contract; the remaining allegations of Paragraph 16 assert conclusions of law, as to which no response is required.

## COUNT I

## AGAINST DEFENDANT AP GAS & ELECTRIC (NY), LLC
### (Breach of Contract)

17. Defendant repeats, reiterates, and restates each and every response contained within Paragraphs 1 through 16 as if fully set forth herein.

18. Defendant admits the allegations of Paragraph 18.

19. Defendant denies the allegation in Paragraph 19 that the Contract set forth a fixed rate. The remaining allegations of Paragraph 19 assert conclusions of law, as to which no response is required.

20. Defendant denies the allegation in Paragraph 20 that Defendant charged a rate other than that required by the Contract. The remaining allegations of Paragraph 19 assert conclusions of law, as to which no response is required.

21. Paragraph 21 asserts conclusions of law, as to which no response is required.

## COUNT II
## AGAINST DEFENDANT EMEX, LLC
### (Fraud)

22. Defendant repeats, reiterates, and restates each and every response contained within Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 25.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

## COUNT III
## AGAINST ALL DEFENDANTS
**(Deceptive Acts and Practices in Violation of NY General Business Law § 349)**

29. Defendant repeats, reiterates, and restates each and every response contained within Paragraphs 1 through 28 as if fully set forth herein.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegation in Paragraph 32 that its conduct was deceptive and misleading. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32.

33. Defendant denies the allegation in Paragraph 33 that its conduct is a threat to the public at large. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33.

34. Defendant denies that its conduct of business is deceptive and denies the allegation in Paragraph 34 that its conduct was deceptive and misleading. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 34. To the extent those remaining allegations assert conclusions of law, no response is required.

35. Defendant denies the allegations of Paragraph 35 as they relate to Defendant and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35. To the extent those remaining allegations assert conclusions of law, no response is required.

36. Defendant denies the allegations of Paragraph 36 as they relate to Defendant and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37 as they relate to Defendant and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37.

## COUNT IV
## AGAINST DEFENDANT AP GAS & ELECTRIC (NY), LLC
### (Declaratory Judgment)

38. Defendant repeats, reiterates, and restates each and every response contained within Paragraphs 1 through 37 as if fully set forth herein.

39. Defendant denies the allegations of Paragraph 39. To the extent those allegations assert conclusions of law, no response is required.

40. Defendant denies the allegations of Paragraph 40. To the extent those allegations assert conclusions of law, no response is required.

## FIRST AFFIRMATIVE DEFENSE

41. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

42. The Complaint should be referred to the New York State Public Service Commission (the "NYPSC") based on the doctrine of primary jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

43. The Complaint fails to allege a cause of action demonstrating that Plaintiff is entitled to attorneys' fees and/or punitive damages, or the relief is not permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that the Court:

1) Enter judgment dismissing the Complaint with prejudice as to Defendant;

2) Award Defendant its costs and expenses, including attorneys' fees, incurred in defending this action; and

3) Grant such other relief as the Court deems just and proper.

## COUNTER-CLAIM

Defendant/Counter-Claim Plaintiff AP Gas & Electric (NY), LLC ("APG&E"), by and through its attorneys, Bevan, Mosca & Giuditta, P.C., as and for its Counter-Claim against Plaintiff/Counter-Claim Defendant United Talmudical Academy of Kiryas Joel, Inc. ("UTA") states as follows:

1. On or about November 19, 2013, APG&E and UTA entered into a Contract for APG&E to supply electricity to UTA (the "Contract").

2. The term of the Contract was for 30-months starting on December 1, 2013 through May 31, 2016.

3. The Contract applied to the utility account numbers identified and listed in APG&E Schedule A to the Contract (the "UTA Accounts").

4. Pursuant to the terms of the Contract, APG&E was to provide electrical service to the UTA Accounts for a period of 30 consecutive months.

5. Pursuant to the terms of the Contract, under the heading "Agreement to Purchase Energy," UTA "agreed to purchase and accept" the electricity needed for the UTA Accounts for a period of 30 consecutive months.

6. Pursuant to the terms of the Contract, the UTA Accounts would be switched from electricity provided by Orange and Rockland to electricity provided by APG&E on or about December 5, 2013, and would receive electricity from APG&E through June 4, 2016.

7. Commencing on or about December of 2013 through March 4, 2016, APG&E provided all of the electricity needed for the UTA Accounts, including the Switched Accounts.

8. Two of the UTA Accounts listed on Schedule A to the Contract are #7211214002, and #5643084025 (the "Switched Accounts").

9. A representative and/or person acting on behalf of UTA changed the electrical provider for the Switched Accounts prior to the termination of the Contract.

10. As a result of representative and/or person acting on behalf of UTA changing the electrical provider for the Switched Accounts, as of March 5, 2016, the Switched Accounts received electricity from a source other than APG&E.

11. UTA did not receive any authorization from APG&E to switch electrical providers from APG&E to another provider.

12. UTA breached the Contract's provision "Agreement to Purchase Energy" because the Switched Accounts did not purchase their electricity from APG&E for the duration of the Contract.

13. The Contract provides that if UTA cancels "this Agreement for any reason before the initial term" it will be assessed an "Early Termination Fee" and a "Default Fee."

14. The Contract defines the Early Termination Fee as the greater of "(i) the average of two monthly bills or (ii) all remaining Estimated Customer Location Energy Volume through the end of the Term multiplied by the positive difference, if any, between the Energy Charge minus current Market Based Price for the aggregate load of all Customer Location(s)."

15. The Contract provided that the Default Fee "represents the Parties' estimated amount of transaction costs to APG&E associated with the Customer's default, which are not reasonably able to be discerned, and which amount is not a penalty for such default."

16. The Contract calculates the Default Fee as "an amount equal to $.002 per kWh of the Remaining Volume."

17. The average monthly usage for the UTA Accounts is $41,649.20. The average of two months usage for the UTA Accounts is $83,298.41.

18. Therefore, the Early Termination Fee is not less than $83,298.41.

19. An amount equal to $.002 per kWh for the Remaining Volume is $3,558.00.

20. Therefore the Default Fee is $3,558.00.

21. The Contract provides that "For breach of any provision of this agreement for which an express remedy is provided, such exclusive remedy shall be the sole and exclusive remedy."

22. APG&E was damaged as a result of UTA's breach of the Contract.

23. Pursuant to the stipulated damages provisions of the Contract, UTA is liable to APG&E for the sum of the Early Termination Fee ($83,298.41) and the Default Fee ($3,558.00) for a total of $86,856.41.

WHEREFORE APG&E demands judgment against UTA as follows:

A. In the amount of $86,856.41 under this Counter-Claim;

B. Reasonable attorneys' fees;

C. Costs and disbursements; and

D. Such other relief as the Court deems just and proper.

Dated: May 2, 2016

BEVAN, MOSCA & GIUDITTA, P.C.

*/s/ John D. Coyle*
John D. Coyle
222 Mount Airy Road – Suite 200
Basking Ridge, NJ 07920
Telephone: (908) 753-8300
Facsimile: (908) 753-8301

Attorneys for Defendant
AP Gas & Electric (NY), LLC

## CERTIFICATE OF SERVICE

I, John D. Coyle, of full age, hereby certify that on May 2, 2016, I caused the within to be served on counsel by electronic filing with the United States District Court for the Southern District of New York.

By: s/ *John D. Coyle*

John D. Coyle